MURRAY *v.* INNER SHOE TIRE CO.

JUDGMENT—ACTION PENDING—APPEAL AND ERROR—RES JUDICATA.
   A judgment is not *res judicata* in a subsequent action involv-
   ing the same matter where, at the time of the second trial,
   no judgment has been entered on the prior verdict, and the
   time for appeal has not elapsed.

Error to Kent; Perkins, J. Submitted June 17, 1910.
(Docket No. 79.) Decided July 14, 1910. Rehearing de-
nied December 30, 1910.

Assumpsit by A. Linn Murray against the Inner Shoe
Tire Company on a promissory note. A judgment for
plaintiff on a verdict directed by the court for an insuffi-
cient amount is reviewed by him on writ of error.
Reversed.

*Maher & Barnard,* for appellant.
*Richard C. Goodspeed,* for appellee.

MOORE, J. This action was commenced in justice's
court June 8, 1909, to recover the amount due upon a
promissory note for $400, given by the defendant to the
plaintiff, Murray, December 5, 1908, payable upon de-
mand with interest at 6 per cent. Under the instructions
of the court, the jury rendered a verdict in favor of Mr.
Murray for a sum less by $217.35 than the amount due
upon the note. The case is brought here by writ of
error.

The defendant is a manufacturing corporation of which
Mr. Murray was a stockholder and a traveling salesman.
On November 1, 1908, there was found to be due him
$1,509.31. A settlement of this amount was made Decem-
ber 5, 1908, by giving him the note in suit for $400, and
four other notes for $250, $250, $300, and $309.31, respec-

tively. He continued to work for the defendant and it made advances to him and opened a new account with him, which included not only what was charged against him for advances made and credits for commissions earned under his contract, but other items of debit and credit. After this suit was commenced in justice's court, the defendant filed a bill of particulars of set-off to the note.

Mr. Murray also brought suit upon each of the other notes in justice's court. While these were pending, defendant commenced a chancery suit against Mr. Murray to enjoin his proceeding with the justice's court cases, which chancery suit was later dismissed. Mr. Murray recovered a judgment in justice's court upon the note sued upon, and an appeal was taken to the circuit court. In the meantime he brought suit upon the open account in the superior court. A defense of set-off was interposed therein. That case was heard before the one now before us was tried in the circuit court. A jury returned a verdict therein as follows:

"The jury say upon their oath that the defendant did undertake and promise in manner and form as the plaintiff hath in his declaration in this case complained against him; and that they find and fix the plaintiff's claim in this case at the sum of $1,443.70, and further that they find that the defendant has made payment to the plaintiff in the sum of $1,654.72, and that the defendant has overpaid the plaintiff in the sum of $211.02, and that they find the plaintiff has no cause of action; therefore, on motion of Richard C. Goodspeed, attorney for said defendant, Inner Shoe Tire Company, it is ordered and adjudged by the court now here that the plaintiff's claim in this case be fixed and established at the sum of $1,443.70, and that that has been paid, and further that the plaintiff has been overpaid in the sum of $211.02, and further that as to matters set forth in the plaintiff's declarations herein, the plaintiff take nothing, and that the defendant go therefore without day, and the said defendant, Inner Shoe Tire Company, do recover against said A. Linn Murray, its costs and charges herein to be taxed, etc."

Upon the trial of the case now before us in the circuit

court, the defendant withdrew its plea of set-off, and the trial judge, upon its motion, directed the jury to deduct from the amount due upon the note the $211.02 referred to in the verdict of the jury, upon the theory that there had been an adjudication which bound the parties, and which should be treated as a payment on the note. It is from this action the appeal to this court is taken, and many reasons are assigned why this action is error.

It is not necessary to go into these in detail. At the time this case was tried in the circuit court no judgment had been entered upon the verdict of the jury, and the plaintiff still had a right to appeal the case to this court. It was stated upon the argument that an appeal had been taken. Under the facts disclosed by the record, what was done by the jury in the superior court was not such an adjudication as to justify the trial court in applying the amount as a payment made upon the note sued upon in this case. As the record then stood, the trial judge should have directed a verdict in favor of the plaintiff for the amount of the note and interest thereon.

Judgment is reversed, and a new trial ordered.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.